Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| RE ADVERTISING<br><br>Patrono<br>Apelante - Recurrente<br><br>v.<br><br>NEGOCIADO DE SEGURIDAD DE EMPLEO (NSE)<br><br>Apelado - Recurrido<br><br>CRISTIAN F. RIVERA CARTAGENA<br><br>Reclamante | KLRA202400317 | Revisión procedente del Departamento del Trabajo y Recursos Humanos<br><br>Apel. Núm.:<br>C-00638-24SE<br><br>S.S. Núm.:<br>XXX-XX-4068<br><br>Cifrado:<br>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<br><br>Sobre: Derecho a Apelar Sección 6(b) y Elegibilidad a los Beneficios del Seguro por Desempleo Sección 4(b)(2) de la Ley de Seguridad de Empleo de Puerto Rico |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de junio de 2024.

Un patrono presentó la acción de referencia con el fin de impugnar una determinación del Negociado de Seguridad de Empleo (el "Negociado"), mediante la cual se le concedieron los beneficios del seguro por desempleo a un exempleado. Por las razones que exponemos a continuación, desestimamos el recurso de epígrafe, toda vez que la norma es que un patrono no tiene legitimación activa para solicitar la revisión judicial directa de este tipo de determinación.

I.

El Sr. Cristian F. Rivera Cartagena (el "Empleado") trabajaba para *RE Advertising* (el "Patrono" o "Recurrente"). Una vez cesó

como empleado del Patrono, el Empleado solicitó al Departamento del Trabajo los beneficios del seguro por desempleo.

El 12 de febrero de 2024, el Negociado envió al Patrono el *Aviso al Último Patrono sobre Determinación*, en el cual le notificó que el Empleado era elegible para recibir los beneficios del seguro por desempleo.

Ante esto, el Patrono envió una carta a la División de Apelaciones del Negociado (la "División") en la que expresó estar en desacuerdo con la determinación emitida, ya que el Empleado había renunciado porque tenía otra oferta de empleo, según este lo hizo constar al Patrono por escrito.

El 4 de marzo, la División notificó una Resolución mediante la cual confirmó la determinación de elegibilidad emitida por el Negociado. La División razonó que el Patrono no proveyó, durante el proceso de investigación, la información a la que se refiere la Sección 6(b) de la Ley de Seguridad de Empleo de Puerto Rico, *infra.*

El Recurrente presentó un recurso de apelación administrativa ante la Oficina de Apelaciones del Secretario del Departamento del Trabajo y Recursos Humanos. El 26 de abril, se notificó la *Decisión del Secretario del Trabajo y Recursos Humanos*, en la cual se confirmó la Resolución de la División notificada el 4 de marzo. En la misma, se establece lo siguiente:

> La Sección 6(b) de la Ley de Seguridad de Empleo establece lo siguiente:
>
> (b) Revisión por Árbitros
>
> Cualquier parte con derecho a recibir notificación de alguna determinación según lo dispuesto en la Sección 5(e) puede establecer apelación contra la determinación ante un árbitro dentro del tiempo especificado en las Secciones 5(f) y 5 (g)(6). Sin embargo, cualquier apelación contra una determinación hecha por el Director o un árbitro que envuelva las disposiciones de la Sección 4(b)(6) se hará ante el Secretario. Las partes en una apelación contra una determinación incluirán a todas aquellas personas con derecho a recibir notificación de la determinación y al Director. Siempre que una apelación envuelva alguna

controversia con respecto a si el servicio prestado constituye trabajo asegurado, el árbitro dará aviso de la apelación y la cuestión envuelta a la unidad de empleo para la cual se prestó dicho servicio; y dicha unidad de empleo, pasará a ser parte en la apelación si ya no lo fuere. Si una apelación contra una determinación estuviere pendiente en la fecha en que expidiere una redeterminación, la apelación si no se hubiere desistido de ella, será considerada como una apelación contra dicha redeterminación. Puede desistirse de las apelaciones a solicitud del apelante y con permiso del árbitro siempre que el récord, a base de la apelación, y la solicitud de desistimiento sostenga la validez de la determinación y se demuestre que no hubo coerción o fraude en el desistimiento.

El formulario PRSD-518C, "Entrevista Búsqueda de Datos", es utilizado por los entrevistadores del Negociado de Seguridad de Empleo durante la etapa inicial investigativa en este tipo de reclamación. Una vez el reclamante ofrece su versión de los hechos por los cuales ha quedado cesante, entonces los entrevistadores hacen hasta un máximo de dos llamadas telefónicas al último patrono para que provea información sobre la cesantía.

La información que debe suministrar el patrono y a la que hace referencia la Sección 6(b) es la Forma PRSD-501, "Notificación de Solicitud para Beneficios por Desempleo, Cargos Potenciales y Petición de Información sobre Cesantía. Este formulario es generado por el sistema SABEN (Sistema Automatizado de Beneficios) del NSE, el cual se le envía al patrono para que provea información, con el propósito de determinar la elegibilidad del reclamante a recibir los beneficios del seguro por desempleo. Cuando el Negociado no recibe el PRSD-501, el entrevistador envía por fax un segundo aviso, proveyéndole un término para completar el proceso de evaluación.

Surge de las notas del sistema automatizado (SABEN) que el patrono no sometió el Formulario PRSD-501 debidamente contestado y no hay información en el sistema UI SIDES. El entrevistador procedió a determinar la elegibilidad del reclamante con la información provista por éste en la Entrevista de Búsqueda de Datos.

El Patrono solicitó reconsideración, lo cual fue denegado por la agencia recurrida mediante una determinación notificada el 22 de mayo.

Inconforme, el 17 de junio, el Patrono, por derecho propio, presentó el recurso que nos ocupa. Arguye que, según planteado ante la agencia recurrida, el Empleado renunció "porque tenía otra oferta de empleo según lo indica en su carta de renuncia", la cual

sostuvo haber entregado a la agencia "en varias ocasiones". Plantea que el "Formulario PRSD-501" nunca lo recibió, por lo cual no haberlo cumplimentado no debería afectarle adversamente. Disponemos.

II.

La doctrina de justiciabilidad (incluido lo relacionado con la legitimación activa) es un "mecanismo utilizado por los tribunales para delimitar su propia jurisdicción y no adentrarse en los dominios de otras ramas de gobierno, y no lanzarse a resolver cuestiones hipotéticas o planteadas dentro de un contexto inadecuado". *Hernández Torres v. Hernández Colón*, 131 DPR 593, 598 (1992). En el ámbito administrativo, la Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38-2017, (3 LPRA sec. 9601 *et seq.*), establece los criterios que tiene que demostrar aquél que interese acudir al foro judicial en revisión de la determinación administrativa.

En lo aquí pertinente, tiene legitimación activa para presentar el recurso de revisión judicial una parte adversamente afectada por una orden o resolución final de una agencia. *Íd.* Por lo tanto, es indispensable que la persona que solicite la revisión judicial de una determinación administrativa sea una parte y que esté adversamente afectada por la decisión administrativa. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 918 (2012). Esta sería la única persona legitimada para radicar dicha acción.

En ese contexto, para que una parte en el procedimiento administrativo se considere adversamente afectada por la decisión de la agencia, con efecto de legitimación para presentar un recurso de revisión judicial, es necesario que el efecto de la determinación administrativa sea desfavorable a sus intereses. *Fund. Surfrider y otros v. A.R.Pe.*, 178 DPR 563, 577 (2010). El concepto "adversamente afectado" procura que el litigante que interese

solicitar la revisión judicial demuestre que sufre o sufrirá un efecto adverso, daño o lesión a sus intereses particulares de modo que la intervención judicial se dé en el contexto de una controversia real con el propósito de dar un remedio a un litigante verdaderamente afectado. *Íd.*, a la pág. 578.

III.

La Ley de Seguridad de Empleo de Puerto Rico, Ley Núm. 74 de 21 de junio de 1956 (Ley Núm. 74), (29 LPRA sec. 701 *et seq.*), tiene como propósito promover la seguridad de empleos facilitando las oportunidades de trabajo por medio del mantenimiento de un sistema de oficinas públicas de empleo y proveer para el pago de compensación a personas desempleadas por medio la acumulación de reservas. *Acevedo v. Western Digital Caribe, Inc.*, 140 DPR 452, 466 (1996).

Este estatuto establece los requisitos para cualificar a los beneficios por desempleo y los parámetros para determinar las contribuciones que deben pagar los patronos para sufragar el fondo de desempleo. *Acevedo, Íd.* Asimismo, en la Ley Núm. 74 se expresan las condiciones de elegibilidad para recibir los beneficios de desempleo. 29 LPRA sec. 704.

Compete al Director del Negociado evaluar la solicitud de beneficios y el cumplimiento con los criterios de elegibilidad bajo la Ley Núm. 74. 29 LPRA secs. 704 y 705(d) (1). De otra parte, el estatuto establece que el último patrono que haya empleado al reclamante tendrá derecho a ser notificado de la determinación del Negociado si provee información al Director de acuerdo con las disposiciones de la sección 705(c). 29 LPRA sec. 705(e). Por último, la citada ley autoriza a **cualquier parte con derecho a recibir notificación** a solicitar la apelación de la determinación del Negociado ante un árbitro de la División de Apelaciones del Negociado. 29 LPRA sec. 706(b).

Por otra parte, el patrono no se considera como una parte adversamente afectada por una determinación administrativa de conceder beneficios por desempleo, por lo cual no tiene legitimación activa para solicitar la revisión judicial de la misma. *Acevedo*, 140 DPR, a las págs. 466-467. Según la norma vigente, "el patrono no está expuesto a pérdida económica alguna ante una determinación del [Negociado], debido a que los beneficios por desempleo provienen del fondo de reserva y no de los recursos del patrono". *Íd.*, a las págs. 467-468.

IV.

A la luz de la norma reseñada, nos vemos forzados a concluir que el Patrono no tiene legitimación activa para solicitar la revisión judicial de la determinación recurrida. En este contexto, la participación de un patrono está limitada al procedimiento administrativo.

Así pues, ante la falta de legitimación activa del Patrono, estamos en la obligación de desestimar el recurso ante nos por falta jurisdicción.

V.

Por fundamentos antes expuestos, se desestima el recurso de revisión judicial por ausencia de legitimación activa.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones